José Nine, Petitioner and Appellant, *v.* Jorge A. Ortiz, Mayor-Director of Public Works of Lajas et al., Respondents and Appellees.

No. 9357. Argued November 29, 1946.—Decided December 21, 1946.

*Enrique Báez García* for appellant. *José Rafael Gelpí* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The respondents-appellees have moved for the dismissal of this appeal because the transcripts of the evidence and of the documents which the appellant filed in the office of the secretary of this court, were approved by the titular judge of the District Court of Mayagüez and not by the judge "who heard and decided the case"; and they maintain that under Act No. 111 of May 5, 1939 (Laws of 1939, p. 574), said transcripts can only be approved by the judge who took cognizance of and decided the case.

The appellant opposes the dismissal on the grounds that the transcripts were presented to the lower court when the substitute judge had already ceased to act as such and the titular judge held the office; that in submitting the transcripts to the court for its approval, the appellant stated that he had no amendments to offer; that while said transcripts were pending approval, counsel for appellant requested the Attorney General to issue the corresponding order to the substitute judge, who took cognizance of the case, in order that he could approve the transcripts, and the Attorney General answered that, in accordance with the decision in *People* v. *Cruz*, 65 P.R.R. 160, it was not necessary to issue said order; that counsel for defendants-appellees was present at the hearing held for the approval of the transcript of the evidence, failed to offer any amendment thereto, and agreed that Judge Ramírez Pabón should approve the transcript in the form it had been presented by the stenographer.

Section 299 of the Code of Civil Procedure, as amended by Act No 111 of May 5, 1939, after providing that the stenographer "shall prepare and file a transcript of the stenographic notes of the hearing, including in such transcript a copy of all documents offered and admitted in evidence, ... and shall deliver the same to the clerk of the aforesaid court," provides further "that in case of documentary evidence, ... appellant may make a transcript of the document, if feasible, ... and file it in the office of the secretary of the court

within the term granted to the stenographer for preparing the transcript of evidence, ... it being the duty of the secretary to advise *the judge who took cognizance of and decided the case,* of said transcript of documents, and at the same time of the transcript made by the stenographer *in order that the judge may approve and certify the correctness thereof, jointly with the transcript of the evidence.''* (Italics ours.)

The said Section also provides:

''On the day set for its approval the judge shall examine and see that the same is *an exact, true and correct copy of the proceedings had at the hearing,* of the testimony offered and taken, of the evidence offered and admitted, rulings and statements of the court, and of all objections and exceptions of the attorneys and of the particulars in connection therewith . . . The judge shall then certify the said transcript to be true and correct, and when so approved it shall constitute and form part of the judgment roll.'' (Italics ours.)

The language of the statute is so clear that a mere reading of the above-quoted provisions is sufficient to understand that the intention of the lawmaker has been to require that the transcript of the stenographic notes prepared by the stenographer, as well as the transcript of the documentary evidence, prepared by said stenographer or by the appellant, should be certified to be true and correct ''by the judge who took cognizance of and decided the case.'' However, since the Act contains no provision whatsoever as to which judge should approve the transcript of the evidence when the judge before whom the case was tried has died, has become incapacitated to act, or has absented himself from Puerto Rico, the Rules of the Supreme Court provide in paragraph (d) of Rule 10 the following:

''When a judge or judicial officer before whom a case has been tried dies, is incapacitated, is absent from Puerto Rico, or when for any other reason there is no manner provided by law for the settlement or approval of the transcrip of the evidence, or the statement of the case and bill of exceptions, or a motion for a new trial, the successor in office of such judge or judicial officer, or the judge

of the nearest adjoining district, may settle and sign such transcript of the evidence, statement of the case and bill of exceptions, or motion for a new trial and in settling any of them, such judge or officer may, in his discretion, permit affidavits to be filed by either party, to assist him in settling any disputed points."

Since from the facts of this case it appears that the substitute judge who tried the case became incapacitated to act as judge before the transcript had been submitted for his approval, and since his term of office had expired, the district judge who succeeded him in office, that is, the District Judge of Mayagüez, had jurisdiction to approve, as he did approve, said transcripts in accordance with the above-quoted provisions of the rules of this court.

The motion for dismissal should be denied.

Mr. Justice Snyder did not participate herein.

ON MOTION FOR RECONSIDERATION

January 13, 1947.

Per Curiam: In their motion for reconsideration, the appellees urge that the phrase "is incapacitated," contained in Rule 10(d) of this court, does not contemplate a situation, such as the one herein, where the judge who heard and decided the case acted as a substitute judge under an appointment which had already expired. Conceding, without holding, that such a judge is not covered by said phrase, this would not alter the conclusion reached by us. As we have seen, § 299 contains no provision for obtaining the approval of the transcript of evidence in such cases. Consequently, Rule 10(d) is applicable to this case, for the reason that it comprises not only the case where the judge before whom this trial has been held "is incapacitated" but also "when for any other reason there is no manner provided by law for the settlement or approval of the transcript of the evidence. . ."

The motion for reconsideration will be denied.